JUSTICE NELSON
specially concurs.
¶44 I concur in our Opinion. I write separately to address the dissents. Implicit in the dissents is the proposition that it is the obligation of the licensee to verify that her renewal packet was received by the Board and to monitor the renewal process to insure that the Board had processed and had renewed the applicant’s license before the license expired.
*198 ¶45 I disagree. Baldwin did exactly what the renewal application required her to do-i.e., she sent the renewal application and had it postmarked by September 1, 1998, as instructed. It is uncontradicted that Baldwin mailed the application on or about August 17, 1998, along with her check and proof of CPE credits in a properly addressed envelope with sufficient postage to the Board by regular mail. It is also uncontradicted that the Board Administrator told her that there was sufficient time to process her renewal application. The letter was never returned, nor was the check cashed. The hearing examiner so found in finding of fact No. 4.
¶46 Baldwin had the right to rely on the Board Administrator’s representations that her renewal application would be timely processed and, implicitly, would be returned to her within the required time frames. Baldwin also had the right to rely on the statutory presumption of delivery or the “mail rule”-§ 26-1-602(24), MCA-which has been a part of Montana’s black-letter law since 1895. Indeed, that is why there isa presumption. People using the United State’s mail are entitled to presume that mail properly addressed with postage prepaid will be delivered to the addressee in due course. And, that is why our case law has, for decades, required more evidence than the addressee’s self-serving “I didn’t get it” to overcome the presumption. The wisdom of this rule is manifest in this case in that there is evidence demonstrating a lack of integrity in the Board’s filing processes. Just as important, there is nothing in the record of this case to indicate that Baldwin did anything wrong in attempting to obtain the renewal of her license. She followed the Board’s written and verbal directions explicitly. Rather, what is evident is that the renewal process failed from the licensing authority’s end.
¶47 It is easy to argue, with 20/20 hindsight, that Baldwin should have checked with the Board when her renewed license did not arrive before the expiration of her current license. But, it makes just as much sense to conclude that Baldwin, relying on the Board Administrator’s representations and the mail rule, appropriately assumed that her renewed license was being returned in the mail and would arrive shortly. Indeed, had the Board renewed Baldwin’s license on the day before or day of expiration and had the Administrator put the renewal in the mail, the renewed license would likely not have reached Baldwin before her license expired in any event. Yet, in that instance, she would not have been subject to discipline.
¶48 There was nothing about Baldwin’s license renewal that would have led her to believe that this renewal was anything more than a *199 routine procedure. Most professionals in Baldwin’s position-she was already licensed and in good standing-would have no reason to question whether the Board was going to renew the license; and there is nothing in the record of this case that would have or should have put Baldwin on notice that her license renewal was going to be problematic.
¶49 The real point to be made here is that if the Board wants to make it the applicant’s obligation to ride herd on the bureaucratic process of license renewal, then it is the Board’s obligation to formalize that requirement through the rule-making process. See, State v. Vainio, 2001 MT 220, 306 Mont. 439, 35 P.3d 948 (holding that a licensed professional could not be sanctioned for violating an informal agency policy that had not been adopted in compliance with the Montana Administrative Procedure Act (MAPA), Title 2, Chapter 4, Montana Code Annotated).
¶50 The dissents exalt form over substance. On the facts of this case, Baldwin does not deserve to have her professional career record indelibly blemished because the bureaucratic process failed.